HARVARD LAW SCHOOL LIBRARY

# KYLE v. GRAY.

1. Where there is evidence of a conversion, by selling the property in controversy, proof of a demand and refusal is unnecessary, and the rule is the same, although in the first instance the property came lawfully to the defendant.

Writ of Error to the Circuit Court of Tuscaloosa.

TROVER, by Gray against Kyle, to recover damages for the conversion of a horse.

At the trial, it was proved that the horse was sold by the plaintiff to one Keziah, on the condition that the latter should pay $40, part in iron and part in money. Keziah took the horse in possession under this contract, and paid $18 in iron but the plaintiff reserved to himself a lien until the purchase money should be paid. Subsequently, the horse was returned to the plaintiff, and the contract rescinded—the plaintiff applying the $18 previously paid, as a compensation for the hire of the horse. There was also evidence that Keziah was indebted at the time, as well as that the horse continued in his possession up to the time of the levy of an execution upon it, as his property, and from thence until it was sold by the constable. There was also evidence conducing to show, the plaintiff had made affidavit of his right to the horse, and that the constable had notice, but he pursued no other measures to assert his claim until the day of sale, at which time he gave public notice that the horse belonged to him, and not to Keziah—that the defendant was present, and heard what the plaintiff said—that he purchased the horse under this sale, and afterwards sold him for $30.

This was all the evidence. On it the defendant's counsel requested the court to charge the jury, that if the horse went lawfully into the possession of the defendant, then it was necessary for the plaintiff to prove a demand and refusal before he could recover. This was refused, and the charge given, that if there was proof of conversion, then in this particular case, no demand was necessary.

The defendant excepted, and the ruling of the court is now assigned as error.

B. F. PORTER and BRODIE, for the plaintiff in error, insisted—

1. The charge of the court misled the jury, because it assumed the evidence proved a conversion. [Toulmin v. Lessesne, 2 Ala. R. 359.]

Kyle v. Gray.

2. To sustain trover, there must be either an absolute property, with a right to immediate possession, or a special property and actual possession. Plaintiff having purchased at a legal sale, there should have been proof of conversion. [2 Greenl. Ev. § 636, 640; Gray v. Crocheron, 1 Porter, 191.]

HUNTINGTON and P. MARTIN, for the defendant in error, argued, that when an actual conversion is shown, a demand is unnecessary. [Tompkins v. Hart, 3 Wend. 406; Earle v. Van Buren, 2 Halst. 344; Newsum v. Newsum, 1 Leigh. 76; Jewett v. Partridge, 3 Farf. 243.]

GOLDTHWAITE, J.—There seems to us to be nothing in the ruling of the circuit court which could have misled the jury. The request, in the first instance, is made for instructions, that if the horse went lawfully into the defendant's possession, it was essential the plaintiff should prove a demand and refusal. The counsel do not seriously question the correctness of this refusal, nor indeed could they do so with effect, for a demand and refusal is only evidence of a conversion—not necessarily or in all cases a conversion by itself. After refusing the charge, the court proceeds to say, that if a conversion was proved in this particular case, then no demand was necessary. It is said, the facts do not establish the right of property in the plaintiff, and therefore there was no conversion. We do not well sée what stronger evidence there could be of a conversion than the sale of the property, but whether this sale was a conversion, depended on the other question as to the right of property. This we must presume was left to the jury, and although we, in their station might possibly have come to a different conclusion, on the evidence stated, this is no ground to reverse the judgment, there being no error in the points of law on which the cause went to the jury.

Judgment affirmed.